**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **OLEKSANDR MORGUNOV #14859-510** | **CASE NO. 2:26-CV-01956 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN F C I OAKDALE II** | **MAGISTRATE JUDGE LEBLANC** |

## ORDER

Before the Court is a Report and Recommendation (Doc. 2) issued by the Magistrate Judge on July 23, 2026. In his Report, the Magistrate Judge recommends that Petitioner, Oleksandr Morgunov's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be denied and dismissed without prejudice for failure to exhaust administrative remedies.

## BACKGROUND

Petitioner is a native and citizen of Ukraine. He entered the United States on July 4, 2006., and a nonimmigrant. His status was adjusted to that of a lawful permanent resident on April 21, 2011. Petitioner is currently serving a 96-month sentence imposed on February 16, 2023, by the United States District Court for the Southern District of Florida for conspiracy to harbor aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).[1] He is currently housed at FCI Oakdale, II, Oakdale, Louisiana.

On August 13, 2025, Immigration and Customs Enforcement lodged a detainer via Form I-247A, against Petitioner. However, Petitioner asserts there is no Final Order of Removal.

[1] 4:21-CR-10008.

The BOP records indicate that Petitioner is FSA-eligible, meaning that the BOP applies Petitioner's First Step Act Federal Time Credits under 18 U.S.C. § 3532(d)(4)(E)(i) toward pre-release custody. While incarcerated Petitioner earned FSA time-credits that the BOP could apply towards early supervised release or a transfer to prerelease custody. Petitioner's early release date to community custody is November 9, 2026.00 Petitioner contends that the BOP has refused to apply said credits toward pre-release community custody in violation of 18 U.S.C. § 3632(d)(4)(E)(i).

Petitioner did not appeal the challenged decision. Instead, he contends that such a challenge would be futile.[2] The Report concluded that Petitioner has failed to satisfy his burden of demonstrating the futility of administrative review. Petitioner also questions whether this proceeding should be brought as a habeas petition under section 2241. However, that issue is not currently before the Court as it pertains to the Report and Recommendation.

## LAW AND ANALYSIS

As noted above, the Report concluded that Petitioner failed to show extraordinary circumstances to establish that proceeding through the administrative appeal process would be futile. The Report reasoned that Petitioner's assertion that his sentence would expire while the administrative process was pending is insufficient to show "extraordinary circumstances."

[2] Petitioner has subsequently appealed the challenged decision.

Petitioner makes several meaningful points that indicate that his proceeding through the administrative process would indeed be futile. Petitioner provides two national policy directives issued by the BOP,: (1) a memorandum dated January 30, 2025, titled "Updated Guidance on Application of Federal Time-credits to Pre Release Custody for all Non-U.S. Citizens with an Active Detainers," and a memorandum dated April 8, 2025, titled "Non-U.S. Citizen Inmates Placement in Prerelease Custody and FSA Credits."

The purpose of the January 30, 2025 memorandum is to provide updated guidance on the referral and placement of non-U.S. citizens with active detainers in pre-release custody, both Residential Reentry Centers (RRC) and Home Confinement (HC), as referenced in Program Statement 5410.01, First Step Act of 2018-Time credits" Procedures for Implementation of 18 U.S.C. § 3632(d)(4). This directive provides that "[e]ffective immediately, pending placements in pre-release custody for application of Federal Time-credits (FTC) for all non-U.S. citizens with active detainers will be canceled. Cancelation will occur in all cases where a detainer is lodged and includes cases where a final order of deportation has not been issued."

Petitioner asserts that the First Step Act, 18 U.S. C. § 3632(d)(4)(C) ["FSA"], established a system of mandatory time-credits that allows early release from incarceration, but prohibits two groups of inmates from earning FSA time-credits: prisoners with certain disqualifying convictions and prisoners with final orders of removal. Petitioner asserts that he is not in either of these two groups. Petitioner argues that the January 30, 2025, memorandum expressly includes a class of prisoners (those with an immigration detainer but not a final order of removal) that the FSA expressly declined to exclude.

The April 8, 2025, BOP Memorandum expressly states that eligible inmates with immigration detainers (but without a final order of removal) may no longer apply FSA time-credits to prerelease custody; they may only apply the maximum of 365 time-credits to supervised release. Any "[r]emaining FSA Time Credits, if any will not be used for transfer to prerelease custody."

Petitioner posits that the BOP's two Memorandums are a national policy directives that the BOP will follow, and therefore any grievance filed with the BOP is entirely futile. Moreover, Petitioner's logic and reason for failing to exhaust his administrative remedies is an extraordinary circumstance and as such he has established his burden of proving futility.

Petitioner relies on *Popoola v. Scales*, 2025 WL 3473370 (E.D. Va. Dec. 3, 2025) wherein first the Court analyzed if an inmate could challenge his confinement conditions via a petition for habeas corpus under § 2241. As noted by Petitioner, the instant Report and Recommendation did not address whether Petitioner's claim is cognizable under 28 U.S.C. § 2241. Petitioner notes that the Fifth Circuit follows a bright-line rule: a claim is cognizable in habeas only if success would automatically entitle the prisoner to accelerated release, and a claim that would alter only the level or location of custody must be brought as a civil rights action. *Melot v. Bergami,* 970 F.3d 596, 599 (5th Cir. 2010).

Petitioner also notes that in *Maxwell v. Thomas,* 133 F.4th 453 (5th Cir. 2025), the Court of Appeals applied that rule to a § 2241 petition seeking transfer to a halfway house or home confinement based on FSA time credits finding that § 2241 was not the proper

vehicle. As such the Court declined to reach whether the petitioner had exhausted his administrative remedies.

However, on June 1, 2026, the Supreme Court granted a petition for *writ of certiorari* in *Maxwell*, No. 25-5930 (U.S. June 1, 2026). The single question to be addressed is: whether a claim regarding application of time credits under the FSA of 2018, seeking accelerated transfer to a halfway house or home confinement can be brought in a habeas petition under 28 U.S.C. § 2241. Petitioner further notes that the Solicitor General, in his Brief in Opposition, filed April 16, 2026, acknowledged an inconsistency in rulings to the extent that the Fifth Circuit held that *Maxwell* could not challenge the BOP's execution of the FSA time credits through a habeas petition solely because application of those credits would not accelerate his release. Petitioner remarks that in *Jones v. Hendrix*, 599 U.S. 465, 475 (2023), the Supreme Court reaffirmed that § 2241 remains available for challenges to the execution of a sentence, such as the administration of sentence credits.

Petitioner also points out that our Fifth Circuit has ruled in such a way as to cast doubt on *Maxwell's* decision. See *Cheek v. Warden of Federal Medical Center,* 835 F.App'x 737, 739 (5th Cir. 2020) (per curiam) (unpublished) (under the CARES Act, the court treated a § 2241 petition as a proper means of seeking release to home confinement). The *Popoola* court noted that the First, Second and Third Circuits have held claims of this character cognizable in habeas petitions. See *Muniz v. Sabol*, 517 F. 3d 29, 33 (1st Cir. 2008); *Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3rd Cir. Dec.15, 2005); *Melot*, 970 F.3d at 599; *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)).

Petitioner contends that his claim differs from a request to be housed in a preferred setting. He notes that § 3624(g)(3) caps the application of the FSA credits toward early supervised release at twelve months and the BOP has applied the 365 days to that purpose thereby reaching the statutory maximum. Petitioner contends that he has an additional 130 days of earned credits that can be lawfully redeemed in one manner only—transfer to prerelease custody. If the BOP refuses to apply these additional credits, Petitioner loses said earned credits.

Petitioner remarks that nothing in the statute, which is mandatory as to good time credits, allows the BOP to discretionarily remove these good time credits because the FSA lawfully entitles him to redeem these excessive good time credits. Petitioner remarks that the BOP is unlawfully refusing to credit a sentence, thus his claim is a challenge to the execution of the sentence and is properly asserted pursuant to § 2241.

Additionally, Petitioner reasserts his position that he is not seeking designation of a place of imprisonment which is not reviewable by the court but only asks that the BOP apply his remaining 130 days of earned good time credits toward prerelease custody as § 3632(d)(4)(d) mandates, and that the BOP conduct the individualized determination required by § § 3621(b) and 3624(g) free of the categorical bar imposed by the 2025 memoranda.

Finally, Petitioner notes that because the Supreme Court has granted certiorari on a threshold question that would govern dismissal as to his § 2241 claim, he suggests that this Court hold this proceeding in abeyance rather than dismiss it until the Supreme Court's decision in *Maxwell.* That matter is not currently before the Court; the Report and

Recommendation did not address that threshold question; it only addressed Petitioner's failure to exhaust his administrative remedies. The Court agrees with Petitioner that it would be futile for Petitioner to attempt to exhaust his administrative remedies considering the national policy directives issued by the BOP, and in that vein,

**IT IS ORDERED** that the Court **DECLINES** to adopt the Report and Recommendation of the Magistrate Judge.

**THUS DONE AND SIGNED** in chambers on this 27th day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**